# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KATIE ANN M.,**[1]  )<br>  )<br>  **Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**FRANK BISIGNANO,**[2]  )<br>**Commissioner of Social Security,**  )<br>  )<br>  **Defendant.**  )<br>_____  ) | **CIVIL ACTION**<br><br>No. 25-1001-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's allegation of a need to elevate her legs for several hours throughout the day to help alleviate her painful

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

[2] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted for Acting Commissioner Lee Dudek as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

swelling symptoms, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

Plaintiff protectively filed an application for SSDI and SSI benefits on June 27, 2022.  (R. 17, 232).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ failed adequately to evaluate her reported painful leg swelling and related need to elevate her legs throughout the day.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only <u>supports</u> [a contrary] conclusion, but <u>compels</u> it." <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in <u>Bowling</u>)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses each error alleged in Plaintiff's Social Security Brief.

## II.    Discussion

Plaintiff notes the ALJ recognized she has severe impairments which might produce swelling of the legs such as varicose veins, neuropathy, diabetes, and obesity. She points to her treatment for these impairments and her testimony that she had painful swelling in her legs due to these impairments and that she had to elevate her legs above her heart five to eight hours a day to manage the swelling.  She argues the ALJ erred in

4

assessing her with the ability to perform sedentary work without allowance to elevate her legs "because he failed to acknowledge [Plaintiff's] treating provider recommendations for leg elevation, and he rejected [Plaintiff's] reported symptoms and limitations for reasons that were not supported by substantial evidence." (Pl. Br. 10). The Commissioner argues the ALJ properly discounted Plaintiff's allegations of disabling symptoms and properly discounted Ms. Muhozi's medical opinion. (Comm'r Br. 4, 12).

### A.    Standard for Evaluating Medical Opinions

For cases filed on or after March 27, 2017, Advanced Practice Registered Nurses (APRN) such as Psychiatric Nurse-Practitioner Muhozi are considered "acceptable medical sources." 20 C.F.R. §§ 404.1502, 416.902. A "medical opinion" is defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the" abilities to perform the physical, mental, or other demands of work and the ability to adapt to environmental conditions. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

The regulations provide that the SSA will consider each medical source's opinions using five factors; supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(a) & (c)(1-5), 416.920c(a) & (c)(1-5). It provides that the most important factors in evaluating persuasiveness are supportability and consistency. Id.

The regulation explains that the decision will articulate how persuasive the SSA finds all medical opinions and prior administrative medical findings.  20 C.F.R. § 404.1520c(b).  The articulation requirement applies for each source, but not for each opinion of that source separately.  20 C.F.R. § 404.1520c(b)(1).  It requires that the SSA "will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."  20 C.F.R. § 404.1520c(b)(2).

**B.**      **The ALJ's Evaluation of Ms. Muhozi's Medical Opinion**

The ALJ found Ms. Muhozi's opinion only "partially persuasive because the medical record does support severe impairments which limit the claimant's mental functioning, but the evidence does not support greater limitations."  (R. 28).  He found the rest of the opinion unpersuasive because it "is not well supported by the medical evidence of record," and her "opinion that the claimant has marked limitations in all areas is inconsistent with the other substantial evidence of record including exams which show that the claimant was oriented in four spheres, her insight and judgment were good, with recent and remote memory intact, average attention span and concentration."  Id.  The ALJ provided examples of why he found her opinions not well supported by the record medical evidence:

> her own treatment notes do not document any marked deficits reasonably consistent with her opinion.  Additionally, other than mental diagnoses, she did not provide any explanation or references to medical signs or findings of record to support her conclusions.  Instead, her opinions are presented in a checkbox format without narrative discussion of the basis for each limitation.

(R. 28).

C.    **Analysis**

The ALJ applied the correct legal standard and discounted Ms. Muhozi's opinion because it is not well supported by the evidence and it is not consistent with the other record evidence.  As Plaintiff suggests, the ALJ's consistency finding rested entirely on Ms. Muhozi's opinion regarding Plaintiff's mental abilities, and that is expected because Ms. Muhozi is a psychiatric nurse-practitioner who treated Plaintiff solely for her mental conditions.  Also unsurprisingly, Ms. Muhozi is qualified as an Advanced Practice Registered Nurse who provided a medical opinion that Plaintiff's conditions would cause her to have bad days and "she would call in up to X 4 times/week [sic] due to swelling legs." Id. 1135.

However, Plaintiff's argument the ALJ did not address Ms. Muhozi's opinion Plaintiff would miss work up to four days a week because of swollen legs is belied by the ALJ's decision as quoted above.  As the ALJ noted, Ms. Muhozi's "treatment notes do not document any marked deficits reasonably consistent with" the requirement to miss up to four days of work a week. Id. at 28.  Moreover, the ALJ specifically noted, "other than mental diagnoses, she did not provide any explanation or references to medical signs or findings of record to support her conclusions," id., one of which was that Plaintiff would miss work up to four days a week due to swelling legs.   Finally, he noted that the opinion is on a checkbox form without a narrative discussion of the limitations opined.  Id.

The ALJ followed the correct legal standard in evaluating Ms. Muhozi's opinion and the record evidence supports the bases given to discount her opinion.  Plaintiff has

7

not pointed to record evidence which compels a different finding.  Plaintiff has shown no error in the ALJ's evaluation of that opinion and Plaintiff may not rely on that opinion in support of his argument the ALJ erred in evaluating Plaintiff's allegation of symptoms.

### D.    Standard for Evaluating Plaintiff's Allegation of Disabling Symptoms

The court's review of an ALJ's evaluation of a claimant's allegations of symptoms is deferential.  Such determinations are generally treated as binding on review.  <u>Talley v. Sullivan</u>, 908 F.2d 585, 587 (10th Cir. 1990); <u>Broadbent v. Harris</u>, 698 F.2d 407, 413 (10th Cir. 1983).  "Credibility determinations[3] are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  <u>Wilson</u>, 602 F.3d at 1144; <u>accord</u>, <u>Hackett</u>, 395 F.3d at 1173.

The framework for a proper analysis of a claimant's allegation of symptoms is set out in <u>Luna v. Bowen</u>, 834 F.2d 161 (10th Cir. 1987).  An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical

---

[3] <u>Luna</u>, <u>Thompson</u>, and <u>Kepler</u>, were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination."  Although that term is no longer used by the Social Security Administration, the applicable regulation <u>never</u> used that term and the <u>procedure</u> for evaluating a claimant's allegations of symptoms has not significantly changed.  <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. <u>Brownrigg v. Berryhill</u>, 688 Fed. App'x. 542, 546 (10th Cir. 2017).  Therefore, the three-step framework set out in <u>Luna</u>, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on July 18, 2024, when this case was decided.  Nonetheless, to the extent, and only to the extent, that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" <u>Kepler</u>, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p and is no longer a valid factor to be considered.

evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. See, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna framework). The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegation of symptoms: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures claimant has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii). The court has recognized a non-exhaustive list of factors which overlap and expand upon the factors promulgated by the Commissioner. Luna, 834 F.2d at 165-66. These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).

### E.    The ALJ's Findings Regarding Plaintiff's Allegations of Symptoms

The ALJ stated that he had considered Plaintiffs allegations of symptoms in accordance with the requirements of 20 CFR §§ 404.1529, 416.929, and Social Security

9

Ruling (SSR) 16-3p.  (R. 23).  He summarized Plaintiff's allegations of symptoms, id.,
but found her "statements concerning the intensity, persistence and limiting effects of
these symptoms are not entirely consistent with the medical evidence and other evidence
in the record for the reasons explained in this decision."  Id. 24.  He noted that Plaintiff
reported to healthcare providers when she had positive urine drug screens that she uses 1-
2 joints a week for pain but also reported she primarily uses marijuana to sleep and that
she was using marijuana a few times a day.  Id.  He noted Plaintiff reported mild to
moderate depression and greater anxiety symptoms but also noted that her "mental status
exams were grossly normal throughout the record."  Id.

      The ALJ noted inconsistencies revealed in Plaintiff's treatment notes respecting
leg pain and swelling.  Id. 25.  He noted she had been seen in August 2022 complaining
of left thigh pain for two weeks but later reported she had not followed up regarding the
pain, and exam findings revealed no swelling.  Id.  He noted January 2023 treatment
notes indicated she "stated that her lower legs were still very painful subsequent to
surgery and swelled often.  However, in the same treatment note, the claimant reported
that she was not having any significant swelling of her legs since surgery on her
varicosities."  Id.  An April 2023 treatment note indicated Plaintiff reported swelling, but
physical exam revealed "no swelling, pitting edema or other chronic signs."  Id.  On
examination in August 2023 Plaintiff "did have neuropathy and leg pain with a bout of
cellulitis, [but] the symptoms were not so severe as to support that she had to keep her
legs elevated five to eight hours a day as swelling was only mild on exams and she had
no pitting edema or other chronicity's."  Id.  Finally, the ALJ noted that Plaintiff's

obesity could be contributing to leg pain, but "physical exams consistently demonstrated good range of motion, normal motor and sensory function, and a normal gait and no edema." (R. 26).

### F.    Analysis

In evaluating Plaintiff's allegations of symptoms, the decision makes clear that the ALJ applied the correct legal standard and stated the inconsistencies upon which he relied in discounting Plaintiff's allegations of disabling pain and swelling in her legs requiring elevation above heart level five to eight hours in a workday. The ALJ's stated reasons are supported by the record evidence and Plaintiff points to no record evidence compelling a different finding. Plaintiff's argument the ALJ should have provided some allowance for elevating her legs merely asks the court to reweigh the evidence more favorably to her, a task from which it is prohibited. Beyond her psychiatric nurse-practitioner's conclusory opinion Plaintiff would miss up to four days of work a week, which the ALJ properly discounted as discussed above, Plaintiff points to her personal allegations which the ALJ has also properly discounted. Plaintiff has shown no error.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated February 4, 2026, at Kansas City, Kansas.


s:/  John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

11